Matter of Vargas v Calle (2025 NY Slip Op 05088)

Matter of Vargas v Calle

2025 NY Slip Op 05088

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2024-10539 
2024-10540
 (Docket No. O-17493-22)

[*1]In the Matter of Janel Vargas, respondent,
v
James Calle, appellant.

Robert Hausner, Garden City, NY, for appellant.
DC 37 Municipal Employees Legal Services, New York, NY (William Whalen of counsel), for respondent.
Jennifer Arditi, Maspeth, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, James Calle appeals from (1) an order of the Family Court, Queens County (Lisa J. Friederwitzer, J.), dated July 5, 2024, and (2) an order of protection of the same court, also dated July 5, 2024. The order, after a fact-finding hearing, found that James Calle committed the family offenses of sexual misconduct, sexual abuse in the third degree, and aggravated harassment in the second degree. The order of protection, inter alia, directed James Calle to stay away from the petitioner until and including July 3, 2026.
ORDERED that the order and the order of protection are affirmed, without costs or disbursements.
The parties are the parents of a child born in June 2019. The petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against the respondent, James Calle, alleging, among other things, that he committed the family offenses of sexual misconduct and sexual abuse against the petitioner. After a hearing, in an order dated July 5, 2024, the Family Court found that Calle had committed the family offenses of sexual misconduct (Penal Law § 130.20), sexual abuse in the third degree (id. § 130.55), and aggravated harassment in the second degree (id. § 240.30). In an order of protection dated July 5, 2024, the court, inter alia, directed that Calle stay away from the petitioner for a period of approximately two years, until and including July 3, 2026. Calle appeals.
"In a family offense proceeding, the petitioner has the burden of establishing the family offense by a fair preponderance of the evidence" (Matter of Nunez v Spellen, 235 AD3d 874, 875; see Matter of Cassie v Cassie, 109 AD3d 337, 340). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of the witnesses is entitled to great weight on appeal" (Matter of Nunez v Spellen, 235 AD3d at 875; see Matter of Lederman v Lederman, 208 AD3d 483, 485). Where, as here, "the court was presented with sharply conflicting accounts by the parties regarding the subject events, and chose to credit the testimony of one party over that of the other, its [*2]determination will not be disturbed unless clearly unsupported by the record" (Matter of Nunez v Spellen, 235 AD3d at 875-876 [internal quotation marks omitted]; see Matter of Mattis v Walcott-Graham, 231 AD3d 1156, 1156). The Family Court's determinations after the hearing that the petitioner was a credible witness and that Calle's testimony was not credible as it consisted mainly of blanket denials are supported by the record and should not be disturbed (see Matter of Luke v Luke, 72 AD3d 689, 689).
Accordingly, there is no basis to disturb the Family Court's family offense determinations or its directive that Calle comply with the terms of the order of protection (see Matter of Nunez v Spellen, 235 AD3d 874; Matter of Mattis v Walcott-Graham, 231 AD3d 1156).
Under the circumstances of this case, the Family Court providently exercised its discretion in issuing a two-year stay-away order of protection in favor of the petitioner (see Family Ct Act §§ 812[1]; 841[d]; 842).
Calle's remaining contentions are without merit.
DUFFY, J.P., MILLER, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court